Andrew G. Dietderich
Sharon Cohen Levin
Christopher J. Dunne
Jacob M. Croke
Alexa J. Kranzley
**SULLIVAN & CROMWELL LLP**
125 Broad Street
New York, NY 10004
Telephone: (212) 558-4000
Facsimile: (212) 558-3588

*Counsel to the Authorized Foreign Representatives*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>PRINCE GLOBAL HOLDINGS LIMITED *et al.*,<br><br>Debtors in Foreign Proceedings. | Chapter 15<br><br>Case No. 26-10769 (MG)<br><br>(Jointly Administered) |
| COSIMO BORRELLI,<br><br>Appellant,<br><br>-against-<br><br>PAUL PRETLOVE, DAVID STANDISH, and JAMES DRURY,<br><br>Appellees. | Appeal<br><br>Case No. 26-CV-05279 |

**APPELLEES' REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS AND STAY PROCEEDINGS**

## TABLE OF CONTENTS


INTRODUCTION ........ 1

ARGUMENT ........ 3

I. APPELLANT IS NOT A "PERSON AGGRIEVED" BY THE RECOGNITION ORDER. ........ 3

A. The Recognition Order's General Authorization to Seek Discovery Does Not Render Appellant a "Person Aggrieved." ........ 3

B. The Recognition Order's Injunction Regulates Action Taken on Behalf of the Debtors, Not Appellant's Personal Rights. ........ 5

C. The Bankruptcy Court's Ruling That Appellant Lacked Standing Does Not Itself Confer Standing to Appeal. ........ 7

II. THE COURT SHOULD RESOLVE THE THRESHOLD STANDING MOTION BEFORE REQUIRING FURTHER MERITS PROCEEDINGS. ........ 8

CONCLUSION ........ 9

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*In re 22 Fiske Place, LLC*,
2022 WL 2819093 (S.D.N.Y. July 18, 2022) ....................5

*In re 64-03 Realty LLC*,
2025 WL 2605394 (E.D.N.Y. Sept. 9, 2025) ....................8

*In re Assante*,
2013 WL 787968 (S.D.N.Y. Mar. 4, 2013) ....................8

*In re Barnet*,
737 F.3d 238 (2d Cir. 2013)....................1, 3, 4

*In re Buscone*,
634 B.R. 152 (B.A.P. 1st Cir. 2021) ....................5

*Clinton* v. *Jones*,
520 U.S. 681 (1997)....................8

*In re DBSD N. Am., Inc.*,
634 F.3d 79 (2d Cir. 2011)....................3

*Kane* v. *Johns-Manville Corp.*,
843 F.2d 636 (2d Cir. 1988) ....................4

*Jones* v. *Niagara Frontier Transp. Auth.*,
836 F.2d 731 (2d Cir. 1987)....................5

*Landis* v. *North American Co.*,
299 U.S. 248 (1936)....................8

*Lujan* v. *Defenders of Wildlife*,
504 U.S. 555 (1992)....................3, 6

*In re Manners*,
2018 WL 3079470 (D. Conn. June 21, 2018)....................4

*Mar-Bow Value Partners, LLC* v. *McKinsey Recovery & Transformation Services U.S., LLC*,
469 F. Supp. 3d 505 (E.D. Va. 2020) ....................8

*In re Oi Brasil Holdings Cooperatief U.A.*,
578 B.R. 169 (Bankr. S.D.N.Y. 2017) ....................6

*In re Revlon*,
2024 WL 642962 (S.D.N.Y. Feb. 15, 2024) ... 3

*Renois* v. *WVMF Funding, LLC*,
2021 WL 1721818 (S.D.N.Y. Apr. 30, 2021) ... 8

*Zoya* v. *Ahmed*,
[2016] EWHC 1981 (Ch) ... 6

**Rules**

Fed. R. Bankr. P. 8007 ... 8

**INTRODUCTION**

Appellant's Opposition confirms that he cannot identify any personal pecuniary interest directly and adversely affected by the Recognition Order [Dkt. 26-10769, ECF No. 90][1]. Appellant does not claim to be a creditor, shareholder, owner, lienholder, or holder of any personal claim against the Debtors. Nor does he dispute his sworn testimony that recognition affected no property right, contractual right, compensation right, indemnity right, insurance interest, or other personal financial interest of his own. Borrelli Dep. Tr. [Dkt. 26-10769, ECF No. 77-1], 61:14-22, 74:5-15, 84:8-87:20, 89:2-90:20. By his own account, he is "only here as a director," *id.* at 85:6-13, purportedly installed only after the BVI Proceedings commenced, mainly by unidentified attorneys-in-fact acting under unsubstantiated powers of attorney granted by Chen Zhi, with whom Appellant claims a common interest. *Id.* at 28:25-31:24, 127:24-128:18. Having disclaimed the interests that could make him a "person aggrieved," Appellant cannot satisfy the governing standard in his own right. *See In re Barnet*, 737 F.3d 238, 242 (2d Cir. 2013). Appellant's three standing theories are all unavailing.

*First*, Paragraph 19 of the Recognition Order generally authorizes the AFRs to seek discovery, but directs no discovery to (nor requires any compliance from) Appellant. Appellant emphasizes that Paragraph 19 permits the AFRs to issue subpoenas without returning to the Bankruptcy Court. But that changes the procedural sequence, not the Second Circuit's requirement that discovery relief be directed against Appellant to grant him standing. Paragraph 19 names no discovery target, imposes no requirement, deadline or expense on Appellant, and expressly preserves any discovery recipient's right to object. The AFRs have not served Appellant with any discovery; the later subpoena on which he relies is directed to his counsel and imposes no

---

[1] All references to "Dkt. No. 26-10769" refer to the Bankruptcy Court docket in the above-captioned Chapter 15 Cases.

obligation or demonstrated expense on Appellant. At most, Appellant faces the possibility of future discovery—the same type of "potential harm" that the Second Circuit held insufficient in *Barnet*. *Barnet*, 737 F.3d at 243.

*Second*, Paragraph 21 of the Recognition Order does not make Appellant a "person aggrieved" because he identifies no personal pecuniary interest it affects. Appellant says Paragraph 21 prevents him from "taking actions globally in the name or on behalf of any of the Debtors." Opp. 8 [ECF No. 20] (quotation marks omitted). But that describes the conduct Paragraph 21 regulates; it says nothing about how the provision affects Appellant pecuniarily. Conduct undertaken in the name of or on behalf of the Debtors exercises corporate authority belonging to the Debtors, not a personal right of Appellant's. Paragraph 21 leaves him free to act in his own name and assert any personal claim. Moreover, the only concrete exercise of corporate authority Appellant identifies—causing the Debtors to participate in foreign recognition proceedings—was already divested under the BVI Court's pre-recognition orders. BVI Court Order ¶¶ 1-2 [Dkt. No. 26-10769, ECF No. 92-1]; Borrelli Dep. Tr. 64:2-66:25. Vacating Paragraph 21 would not restore that authority. The opposition thus identifies a restriction, but no personal pecuniary injury.

*Third*, Appellant cannot bootstrap appellate standing from the Bankruptcy Court's ruling that he lacked standing below. Otherwise, every unsuccessful objector would become a "person aggrieved" merely by losing, and the limitation on bankruptcy appellate standing would disappear.

Appellant's appeal rests not on any personal pecuniary stake in the Recognition Order, but on his desire to protect Chen Zhi's interests by obstructing the AFRs' efforts to marshal the Debtors' assets for the benefit of legitimate creditors and Chen Zhi's alleged victims. Because

that threshold defect is dispositive, the Court should hold the remaining merits proceedings in abeyance pending resolution of the Motion and dismiss the appeal.

**ARGUMENT**

**I. APPELLANT IS NOT A "PERSON AGGRIEVED" BY THE RECOGNITION ORDER.**

A private bankruptcy appellant must show that the challenged order directly and adversely affects him pecuniarily. *Barnet*, 737 F.3d at 242; *In re DBSD N. Am., Inc.*, 634 F.3d 79, 88-89 (2d Cir. 2011). Appellant cannot make that showing. Before the Recognition Order was entered, he confirmed under oath that "no property right or pecuniary interest" of his "is directly affected by Chapter 15 recognition for the Borrelli Debtors." Borrelli Dep. Tr. 89:2-9. His opposition does not disavow that testimony and instead relies on Paragraph 19's general discovery authorization, Paragraph 21's regulation of conduct undertaken for the Debtors, and the Bankruptcy Court's ruling that he lacked standing below. None supplies the missing pecuniary injury. Nor does any establish Article III standing; Appellant identifies no concrete and particularized personal injury caused by the Recognition Order and redressable in this appeal. *See Lujan* v. *Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992).

**A. The Recognition Order's General Authorization to Seek Discovery Does Not Render Appellant a "Person Aggrieved."**

Appellant correctly begins with the governing rule: to be a "person aggrieved," a bankruptcy appellant must be "directly and adversely affected pecuniarily" by the challenged order, Opp. 6 (quoting *Barnet*, 737 F.3d at 242), yet then asserts that "monetary harm is not the sole basis" for bankruptcy appellant standing and that it is enough to be "aggrieved by an order." Opp. 8-9 (quoting *Barnet*, 737 F.3d at 243). That is a non sequitur: identifying a direct, pecuniary injury is ***how*** an appellant shows they have been aggrieved. *See In re Revlon, Inc.*, 2024 WL 642962, at *3-4 (S.D.N.Y. Feb. 15, 2024). Save the narrow public-interest exception—which

Appellant does not and cannot invoke—the pecuniary-interest requirement controls. *Barnet*, 737 F.3d at 242 n.1.

*Barnet* forecloses standing based on the prospect of future discovery. There, the foreign representatives announced their "intention . . . to take discovery" from directors of Drawbridge affiliates. 737 F.3d at 243 (quotations omitted). The Second Circuit nevertheless held that the recognition order did not aggrieve Drawbridge because it "neither name[d] Drawbridge nor direct[ed] any relief against" it. *Id.* at 242. As the court explained, "[i]t is not the intentions of a litigant that cause pecuniary harm but the relief directed by a Bankruptcy Court," and "'potential harm' from a bankruptcy court order is insufficient to justify appellate standing." *Id.* at 243 (citation omitted). Because the recognition order subjected Drawbridge only to potential future harm, it was not appealable when issued. *Id.*

*Barnet* did not treat the Recognition Order itself as conferring appellate standing. The Second Circuit held that Drawbridge was aggrieved by a later discovery order and "construe[d] the appeal as being from" that order; recognition was reviewable only as a "necessary prerequisite" that merged into the appealable discovery order. *Id.* at 241-46. Nothing comparable has occurred here. Paragraph 19 does not name Appellant, direct discovery to him, require any response or production, impose any deadline on him, or adjudicate any objection by him. The AFRs have not even served Appellant with a subpoena or other discovery request pursuant to the Recognition Order. He therefore faces no present burden or risk of enforcement or contempt. His reliance on the possibility of future discovery—which has not been served—rests on precisely the type of "potential harm" that cannot confer bankruptcy appellate standing. *Barnet*, 737 F.3d at 243 (citing *Kane* v. *Johns-Manville Corp.*, 843 F.2d 636, 642 n.3 (2d Cir. 1988)); *see also In re Manners*, 2018 WL 3079470, at *2 (D. Conn. June 21, 2018) (the possibility that an appellant

"could suffer financial injury as a result of a future adverse decision" is too indirect "to establish standing" (citing *In re Dunne*, 684 F. App'x 85, 87 (2d Cir. 2017))).

Further, Appellant does not have standing because the AFRs have served a subpoena on his counsel, Boies Schiller Flexner LLP ("BSF"), which represents Chen Zhi and an ambiguously defined Prince Group entity in the forfeiture proceedings in the Eastern District of New York, and which formerly purported to represent certain Debtors in the recognition proceedings below. BSF Suppl. Br. ¶¶ 1, 4-5, 14-15 [Dkt. 26-10769, ECF No. 83]. That subpoena is directed to BSF, not Appellant. No order compelling compliance with that subpoena has issued, and Appellant does not suggest that he must bear the costs of complying with some hypothetical future order compelling discovery by BSF. *Cf. In re 22 Fiske Place, LLC*, 2022 WL 2819093, at *9 (S.D.N.Y. July 18, 2022), *aff'd*, 2023 WL 4278189 (2d Cir. June 30, 2023) (observing that a sanction directed at counsel was at most tangential to appellant's pecuniary interests); *In re Buscone*, 634 B.R. 152, 166 (B.A.P. 1st Cir. 2021), *aff'd*, 61 F.4th 10 (1st Cir. 2023) (client lacked standing to appeal counsel-only sanctions).

**B. The Recognition Order's Injunction Regulates Action Taken on Behalf of the Debtors, Not Appellant's Personal Rights.**

Paragraph 21 of the Recognition Order likewise does not restrict any personal right of Appellant. It enjoins all parties subject to the Court's jurisdiction—not Appellant specifically—from acting, outside of the BVI Proceedings, "in the name or on behalf of" (a) the Debtors or (b) their controlled subsidiaries, or any "similar general name or designation." Recognition Order ¶ 21. Acting in the Debtors' name is a right of the Debtor entities, not a personal right of Appellant, and therefore any "injury" that might result from this provision would be injury to the Debtors, not Appellant. *See Jones* v. *Niagara Frontier Transp. Auth.*, 836 F.2d 731, 736 (2d Cir. 1987) (shareholder and president lacked standing where "claims asserted all involved injuries to the

[c]orporation" and no actions were taken "against [him] in his individual capacity"). Indeed, at his deposition, Appellant identified no harm from recognition except to his asserted ability to protect ***the Debtors' interests***, not his own. Borrelli Dep. Tr. 89:11-18 (acknowledging recognition would affect only Appellant's ability "to fulfill [his] duties . . . as a director of the [Debtors]").

Moreover, even assuming Appellant was validly appointed,[2] Paragraph 21 did not eliminate any corporate authority available to Appellant before recognition. The Debtors are organized under BVI law, and the BVI Court held that appointing provisional liquidators "automatically ends the authority of the company's directors to do acts on behalf of the company," subject only to limited residual authority to challenge the appointments in the BVI. May 14 BVI Tr. 196:18-197:6 [Dkt. 26-10769, ECF No. 49-21]; BVI Court Order ¶¶ 1-2. Appellant's own Objection acknowledged that whatever authority he claimed to possess was "subject to the BVI Orders," Obj. ¶ 30 [Dkt. 26-10769, ECF No. 68], and he confirmed that characterization at deposition. Borrelli Dep. Tr. 76:13-19. Consistent with that acknowledgment, Appellant admitted he had made no material business decision, approved no asset transfer, instructed no bank, and contacted no counterparty, subsidiary, or affiliate for any Debtor because he was "not actually able to." *Id.* at 65:3-24. When asked repeatedly to identify any specific action that the BVI orders permitted but Chapter 15 recognition would prevent, he identified none. *Id.* at 79:19-82:5. Thus, the BVI orders—not Paragraph 21—are the source of the divestiture of Appellant's ability to act

[2] Appellant's argument about who bears the burden on the validity of his appointment is immaterial because he lacks standing even if the Court assumes that he was validly appointed. And the BVI Court did not decide the issue; it noted "question marks" concerning the underlying power of attorney and stated, "we don't have [to] go there now." May 14 BVI Hr'g Tr. 186:6-8 [Dkt 26-10769, ECF No. 49-21]. Nor did the AFRs abandon their challenge: the BVI Court adjourned it *sine die* with liberty to restore. May 14 Order ¶ 3 [ECF No. 92-1]. That was a deferral, not an abandonment, and supplies no basis for judicial estoppel. *See In re Oi Brasil Holdings Cooperatief U.A.*, 578 B.R. 169, 211-212 (Bankr. S.D.N.Y 2017). Appellant's reliance on *Zoya* v. *Ahmed*, [2016] EWHC 1981 (Ch), to suggest that the AFRs bear the burden of proving that he was not validly appointed is also wrong. BVI law governs the validity and scope of his purported appointment, but federal law governs his burden to establish standing in this proceeding. *See Lujan*, 504 U.S. at 561.

on the Debtors' behalf. Vacating Paragraph 21 would not restore any corporate authority, much less any personal right. Appellant's claimed loss of corporate authority therefore is not redressable by this Court. And because Paragraph 21 expressly excludes the BVI Proceedings from its scope, Appellant remains free to challenge the BVI Orders before the BVI Court.

Finally, Appellant's account of the foreign proceedings is inaccurate. The July 6 letter from the AFRs' Hong Kong counsel mentions Judge Glenn's standing ruling in responding to Appellant's intended appearance, but it does not invoke Paragraph 21 as a prohibition, threaten its enforcement, or suggest that the Hong Kong court should treat the ruling as binding. It states only that the AFRs would ask the Hong Kong court to address Appellant's standing preliminarily. *See* Skinner Decl. Ex. 4 at 1-2. The position in the U.K. proceedings is no different. While the AFRs' submissions stated Appellant had no "role to play" in the AFRs' application for recognition and the AFRs' filed evidence noted the Bankruptcy Court's standing ruling, the AFRs' counsel made no contention that Paragraph 21 barred Appellant from appearing, nor asked the English court to enforce it. Opp. 6 (quotations omitted). Appellant's standing was not relevant at the English recognition hearing because Appellant was not a party and did not seek to be heard (despite receiving notice of the AFRs' application and copies of the AFRs' submissions).

### C. The Bankruptcy Court's Ruling That Appellant Lacked Standing Does Not Itself Confer Standing to Appeal.

Appellant's next theory is circular. He contends the Bankruptcy Court's ruling that he lacked standing is itself an injury giving him standing to appeal. Opp. 8-9. But that ruling impaired no preexisting personal or pecuniary interest of Appellant's; it held he had none to assert. An adverse standing ruling cannot supply the injury it found missing. Otherwise, every unsuccessful objector would become a "person aggrieved" merely by losing, rendering the limitation on bankruptcy appellate standing meaningless.

At least one court has correctly rejected precisely that argument, explaining that allowing a party to "always appeal a bankruptcy court's finding of no standing" would "defeat[] the purpose of bankruptcy appellate standing" and "further mire bankruptcy litigation in endless appeals." *Mar-Bow Value Partners, LLC* v. *McKinsey Recovery & Transformation Services U.S., LLC*, 469 F. Supp. 3d 505, 529-30 (E.D. Va. 2020). Decisions in this Circuit likewise reject attempts to manufacture appellate standing from the lost opportunity to pursue litigation. *See In re 64-03 Realty LLC*, 2025 WL 2605394, at *2-3 (E.D.N.Y. Sept. 9, 2025) (denial of an extension to appeal caused no direct harm to the appellant's financial interests); *In re Assante*, 2013 WL 787968, at *3 (S.D.N.Y. Mar. 4, 2013) (possible increase in a creditor's recovery if the debtor prevailed was "speculative and far from the direct financial injury required").

## II. THE COURT SHOULD RESOLVE THE THRESHOLD STANDING MOTION BEFORE REQUIRING FURTHER MERITS PROCEEDINGS.

This Court has broad discretion to sequence proceedings. *Clinton* v. *Jones*, 520 U.S. 681, 706-07 (1997); *Landis* v. *North American Co.*, 299 U.S. 248, 254 (1936). The requested stay is narrow: it would pause only the remaining merits briefing until the Court decides the fully briefed Motion. That is precisely what *Renois* supports. Although *Renois* involved discovery, the stay did not turn on discovery burdens alone; it was warranted because the pending motion raised "threshold challenges" to standing and, if granted, would "result in the dismissal of the entire action." *Renois* v. *WVMF Funding, LLC*, 2021 WL 1721818, at *1 (S.D.N.Y. Apr. 30, 2021). The same reasoning applies here. Resolving Appellant's standing now would conserve party and judicial resources. Appellant's complaint about ongoing discovery of his counsel conflates two different things: a stay of appellate briefing and a stay of the Recognition Order. The Recognition Order remains operative unless Appellant obtains relief under Rule 8007, regardless of whether appellate merits briefing proceeds.

## CONCLUSION

For the foregoing reasons and those stated in the Motion, the AFRs respectfully request that the Court grant the Motion, dismiss the appeal, and hold further appellate merits briefings in abeyance pending resolution of the Motion.

Dated: September 4, 2026
New York, New York

Respectfully submitted,

*/s/ Andrew G. Dietderich*
Andrew G. Dietderich
Sharon Cohen Levin
Christopher J. Dunne
Jacob M. Croke
Alexa J. Kranzley
**SULLIVAN & CROMWELL LLP**
125 Broad Street
New York, NY 10004
Telephone: (212) 558-4000
Facsimile: (212) 558-3588
Email: dietdericha@sullcrom.com
levinsc@sullcrom.com
dunnec@sullcrom.com
crokej@sullcrom.com
kranzleya@sullcrom.com

*Counsel to the Authorized Foreign Representatives*

**CERTIFICATE OF COMPLIANCE**

Andrew G. Dietderich hereby certifies that the foregoing *Motion to Dismiss and Stay Proceedings* complies with rules 8013(f) and 8015(h) of the Federal Rules of Bankruptcy Procedure. Specifically, it complies with the word limit of rule 8013(f)(3)(C) because, relying on the word count feature of the word-processing system used to prepare the Motion, the Motion contains a total of 2,600 words, excluding the parts of the document exempted by rule 8015(g).

Dated: September 4, 2026
New York, New York

Respectfully submitted,

*/s/ Andrew G. Dietderich*

Andrew G. Dietderich
Sharon Cohen Levin
Christopher J. Dunne
Jacob M. Croke
Alexa J. Kranzley
**SULLIVAN & CROMWELL LLP**
125 Broad Street
New York, NY 10004
Telephone: (212) 558-4000
Facsimile: (212) 558-3588
Email: dietdericha@sullcrom.com
levinsc@sullcrom.com
dunnec@sullcrom.com
crokej@sullcrom.com
kranzleya@sullcrom.com

*Counsel to the Authorized Foreign Representatives*