BSF | BOIES SCHILLER FLEXNER

October 22, 2026

**BY ECF**
The Honorable Valerie E. Caproni
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re: *In re Prince Global Holdings, Ltd.*, 26 Civ. 5279 (VEC)

Dear Judge Caproni:

We represent Appellant Cosimo Borrelli in this bankruptcy appeal and write to respectfully request an approximately two month extension, from November 2, 2026, to January 4, 2027, of the deadline to file Appellant's reply brief. The reason for this lengthy extension, as we discuss below, is that yesterday the BVI High Court indicated that it intends to dismiss the underlying liquidation proceedings, which would moot these proceedings in their entirety. This is Appellant's first request for an extension of the briefing schedule. Appellees take no position on the requested extension.

As explained in Appellant's opening brief, this appeal concerns whether these literally unprecedented British Virgin Islands proceedings—which involves the Attorney General there seeking to seize and force into liquidation solvent companies for investigative purposes, not for the benefit of creditors—should be recognized in the United States under chapter 15 of the Bankruptcy Code. From the start, the courts of the BVI have been skeptical because absolutely no evidence was put forward in support of the proceedings. *See, e.g.*, ECF No. 23 at 20–21 (quoting BVI Court as asking "Do these [c]ompanies that are now being put up against the wall to be finished off, does the evidence stack up for finishing off those Companies? And just because somebody said in an overseas [c]ourt that there's a man called Chen out there who has been successfully indicted, then is that enough to finish these Companies off? Can't I see some of the underlying evidence, please?").

Presented with absolutely no such evidence, yesterday, Justice Wallbank of the BVI High Court publicly announced the dismissal of the BVI Attorney General's applications to liquidate the Borrelli Debtors. Because the originating applications will be dismissed, the joint provisional liquidators who had been appointed while those liquidation applications were pending will also be discharged. As is the practice in the BVI, the BVI Court's decision and order have been embargoed for fourteen days to give the parties the opportunity to propose non-substantive corrections. We expect the decision and order dismissing the liquidation proceedings and discharging the JPLs will be publicly filed shortly after the embargo period expires on November 4, 2026. In the meantime, the JPLs remain in place and the parties will begin the process of negotiating the handover of control of the Borrelli Debtors from the JPLs back to the companies' boards. The BVI Court will address any disputes with respect to the transition at a hearing scheduled for December 8 and 9, 2026. A copy of the transcript of the hearing in the BVI is attached as Exhibit A.

The BVI Court's pronouncement bears directly on the Bankruptcy Court's recognition of the BVI Proceedings. Justice Wallbank's written decision and order are expected to negate the JPL's bases for recognition, the JPLs' authority as foreign representatives to seek recognition, and,

BSF

accordingly, the need for this appeal. In short, there will be no foreign proceeding to recognize once the originating applications are dismissed.

As then-Chief Judge Glenn put it in declining to wait to grant recognition until the BVI Court resolved the AG's liquidation applications: "I'll tell you what. If the BVI Court rules contrary to what I happen to rule, you come back and ask me to modify my ruling." JA-6717:11–13; *see also* JA-6690:7–9 ("And what matters, also, is that the BVI court may very well dismiss the BVI proceedings. It's – THE COURT: In which case you'll come back; if I recognize this, you will move to dismiss the Chapter 15 case, and that has happened before. MR. SKINNER: We will do that with all due speed."). If the JPLs do not voluntarily dismiss the underlying chapter 15 proceeding on their own, Appellant will do precisely that, as expressly contemplated by the Bankruptcy Code. *See* 11 U.S.C. § 1517(d) (permitting "modification or termination of recognition if it is shown that the grounds for granting it were fully or partially lacking or have ceased to exist"). And if the underlying recognition order is dismissed or modified, this appeal will be mooted in whole or in part.

In short, the requested 60-day extension will allow time for the BVI Court to publish its decision and for the parties to assess the resulting judgment, including whether it is necessary to proceed with any portion of this appeal. This may well obviate the need for further briefing. Appellant will promptly notify the Court when the BVI Court's written judgment and any operative order are published.

Thank you for your consideration of this request.

Respectfully Submitted,

BOIES SCHILLER FLEXNER LLP

*/s/ Peter M. Skinner*

Matthew L. Schwartz
Peter M. Skinner
Gordon Z. Novod
55 Hudson Yards
New York, New York 10001
Telephone: (212) 303-3646
mlschwartz@bsfllp.com
pskinner@bsfllp.com
gnovod@bsfllp.com

Dan G. Boyle
2029 Century Park East
Los Angeles, California 90067
Telephone: (213) 995-5732
dboyle@bsfllp.com

*Counsel to Cosimo Borrelli in his capacity as the sole director of each of the Borrelli Debtors*